**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

BARBARA DENEROFF,

                                        Civil Action No. _____
                Plaintiff,

    vs.                                  **COMPLAINT AND DEMAND**
                                        **FOR JURY TRIAL**

RETRIEVAL-MASTERS
CREDITORS BUREAU, INC.,

                Defendant.
_____/

## *INTRODUCTION*

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Congress enacted the FDCPA because of the following findings and with the following purpose:

> (a) There is abundant evidence of the use of abusive, deceptive and unfair practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> (e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692 (a)–(e).

3. In enacting the FDCPA seeking to protect consumers, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic] ... [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." S. Rep. No. 382, 95th Cong., 1st Sess., p. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

## *JURISDICTION AND VENUE*

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## *PARTIES*

5. Plaintiff Barbara Deneroff is a natural person and a citizen of the State of New York, residing in Suffolk County in the Eastern District of New York.

6. Defendant Retrieval-Masters Creditors Bureau, Inc. is a New York company with its principal place of business and corporate offices at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as that term is defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection the alleged debt.

## *FACTUAL ALLEGATIONS*

11. Defendant sought to collect from Plaintiff monies allegedly due on a Montgomery Ward account, which arose from transactions incurred for personal, family, or household purposes.

12. Plaintiff is a senior citizen with limited assets and income who sought the assistance of attorneys with the Debt Counsel for Seniors & the Disabled in connection with her financial difficulties.

13. On or about December 16, 2016, Defendant sent Plaintiff correspondence seeking to collect the alleged debt. A copy of the December 16, 2016 correspondence is attached hereto as Exhibit "A". (The correspondence has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court.")

14. Due to financial difficulties beyond her control, Plaintiff simply cannot pay the alleged debt.

15. On or about February 13, 2017, Plaintiff's attorney provided correspondence to Defendant advising Defendant of Plaintiff's financial difficulties; that Plaintiff's only source of income was social security, disability, veterans' benefits, or other federally protected sources; that Plaintiff was represented by an attorney with respect to the alleged debt; and that Plaintiff wished Defendant to cease and desist communications with Plaintiff. A copy of the February 13, 2017 correspondence and fax verification report is attached hereto as Exhibit "B".

16. Defendant completely disregarded the February 13, 2017 correspondence, and on or about March 13, 2017, Defendant sent Plaintiff the correspondence attached hereto as Exhibit "C". (The correspondence has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court.")

17. Despite knowledge of Plaintiff's financial difficulties and that the limited income she does have is protected by federal law, the March 13, 2017 correspondence demands that Plaintiff make **"IMMEDIATE"** payment in full or risk "additional collection efforts." (emphasis in original)

18. Defendant's threat of "additional collection efforts" is designed to mislead consumers, including Plaintiff, into believing that Defendant intends to take legal action to force involuntary payment of the alleged debt if the consumer does not pay the debt as demanded.

19. Upon information and belief, neither Defendant nor its client, Montgomery Ward, intended to take legal action to collect on an account with a balance of only $363.15, especially from a person whose sole income is protected by federal law.

20. Defendant's actions were willful.

## COUNT I
## COMMUNICATING WITH A REPRESENTED CONSUMER
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

21. Plaintiff incorporates Paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692c by contacting a represented party directly.

23. Section 1692c provides:

§ 1692c. Communication in connection with debt collection

(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–

. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO CEASE AND DESIST COMMUNICATION
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(c)

24. Plaintiff incorporates Paragraphs 1 through 20 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after being notified that Plaintiff wished Defendant to cease further communication with Plaintiff.

26. Section 1692c provides:

> § 1692c. Communication in connection with debt collection
>
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**HARASSMENT OR ABUSE**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d**

27. Plaintiff incorporates Paragraphs 1 through 20 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. § 1692d by ignoring Plaintiff's cease and desist request and notice of attorney representation to threaten Plaintiff with "additional collection efforts" if Plaintiff did not make "**IMMEDIATE**" payment despite knowing that Plaintiff simply could not pay the alleged debt ant that her limited income was protected by federal law.

29. Section 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT IV
### FALSE OR MISLEADING REPRESENTATIONS
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692(5)

30. Plaintiff incorporates Paragraphs 1 through 20 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken when Defendant threatened Plaintiff with "additional collection efforts" on an account with a balance of only $363.15 with knowledge that Plaintiff's limited income was protected by federal law.

32. Section 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

_____
James S. Giardina, Esq.
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Trial Counsel for Plaintiff*